UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRY PEREZ-CASTILLO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | Case No. 1:26-cv-05702-JLT-CDB (HC)<br>(A-Number: 218-113-168)<br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION FOR WRIT OF HABEAS CORPUS<br>(Doc. 1)<br>**7-Day Objection Period** |

Petitioner Andry Perez-Castillo ("Petitioner"), a federal immigration detainee proceeding pro se, initiated this action on July 22, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241, while in custody of Immigration and Customs Enforcement ("ICE") at the Central Valley Annex. (Doc. 1).

In his petition, Petitioner alleges that he is a native and citizen of Cuba and has "continuously resided in the United States," although there are no allegations concerning when he entered the United States. *Id.* at 2. He was arrested by immigration authorities on April 1, 2026, as an alien present without admission or parole and has remained in continuous custody. *See id.*; (Doc. 6-1 at 2) (April 1, 2026, Form I-213 Record of Deportable/Inadmissible Alien). He alleges that he sought a redetermination of his custody and that an immigration judge determined he lacked jurisdiction to consider Petitioner's request. *Id.* at 1.

Respondents filed a response to the petition in which they argue that Petitioner is subject to

mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pending the outcome of his ongoing removal proceedings but acknowledge that the Ninth Circuit has rejected this interpretation of the Immigration and Nationality Act. (Doc. 6) (citing *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026)). Respondents also proffer documents that corroborate Petitioner has been present in the United States of America for an unknown period of time following his arrival through Key West, Florida. *See* (Doc. 6-1 at 3); (Doc. 6-2 at 1) (April 16, 2026, Notice to Appear). Respondents do not challenge Petitioner's allegation that an immigration judge denied his custody redetermination request.

Respondents correctly concede that Petitioner is entitled to a bond hearing under *Rodriguez Vazquez*. (Doc. 6 at 1). Accordingly, the undersigned will recommend that the petition for writ of habeas corpus be granted and that Respondents be ordered to provide Petitioner with a bond hearing.

**<u>Conclusion and Recommendation</u>**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 1) be GRANTED.
2. Respondents be ORDERED to provide Petitioner with a bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations within seven (7) days of the date of this order, at which Petitioner's eligibility for bond must be considered by a neutral decisionmaker such that continuing physical custody is legally justified.
3. Respondents be ORDERED to immediately provide Petitioner with a copy of this Order and provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and Respondents may extend the deadline at Petitioner's request so that he can obtain an attorney. If Petitioner obtains an attorney, his attorney shall also be given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.

4. Respondents be ORDERED to release Petitioner if they do not provide him with a bond hearing within seven (7) days.
5. The Clerk of the Court be DIRECTED to enter judgment in favor of Petitioner and close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within seven (7) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Although this objection period is shorter than provided by Local Rule, such an adjustment is warranted given the nature of Petitioner's harm, the finding of a violation of the U.S. Constitution by Respondents, and the fact that the parties have extensively briefed the issues involved. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) ("The court may require a response within a shorter period if exigencies of the calendar require."). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections, but a party may refer to exhibits in the record by CM/ECF document and page number. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 5, 2026**

UNITED STATES MAGISTRATE JUDGE