UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRY PEREZ-CASTILLO,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX, *et al.*,<br>Respondents. | No. 1:26-cv-05702-JLT-CDB (HC)<br>A-Number: A-218-113-168<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 7) |

Andry Perez-Castillo, a federal immigration detainee proceeding pro se, initiated this action on July 22, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241 while in custody of Immigration and Customs Enforcement at the Central Valley Annex. (Doc. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On October 5, 2026, the assigned magistrate judge issued findings and recommendations to the Petition and direct Respondents to provide Petitioner with a custody redetermination hearing under 8 U.S.C. § 1226(a). (Doc. 8.) The Court served the findings and recommendations on all parties and Respondents timely filed objections. (Doc. 8.)

Respondents object to the findings and recommendations for the same reasons advanced

in Respondents' earlier filing, to wit, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b), though they acknowledge that binding Ninth Circuit authority, *see Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026), provides otherwise. (*Id.*; *see also* Doc. 6.)

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and by proper analysis, but will impose certain additional procedural protections to the extent they have not already been accomplished.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on October 5, 2026 (Doc. 7) are **ADOPTED** in full.
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
3. **Within 48 hours of this order**, Respondents **SHALL undertake** an initial custody determination pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioner or continue his detention if deemed appropriate.
4. Thereafter, if Petitioner is not released, Respondents **SHALL** immediately seek an arrest warrant if none has been issued. If the warrant is not granted, Respondents **SHALL** immediately release Petitioner.
5. If a warrant is granted, **within 10 days** of the initial custody determination, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a), at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and/or present a flight risk if not detained.
6. Respondents are **ORDERED** to immediately provide Petitioner with a copy of this Order and provide him with 72 hours' written notice before the bond hearing in a language that he can understand. Petitioner may be represented by an attorney at this hearing, and Respondents may extend the deadline at Petitioner's request so that he can obtain an attorney. If Petitioner obtains an attorney, his attorney shall also be

given 72 hours' written notice before the bond hearing. The neutral decisionmaker must consider Petitioner's financial circumstances in setting the amount of bond and alternative conditions of release in lieu of detention without bond.

7. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Respondents are **ORDERED** to release Petitioner from custody immediately and forbear from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing consistent with this order.

8. Respondents **SHALL** provide a copy of this order to the immigration judge. In addition, Respondents **SHALL** ensure that the bond hearing is recorded.

9. The Clerk of Court is directed to serve the Central Valley Annex in McFarland, California, with a copy of this Order.

10. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: October 20, 2026

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE